AGRESTA et al. v. HART.

(Supreme Court, Appellate Term. April 22, 1901.)

1. APPEAL—QUESTIONS CONSIDERED—RECORD.
    Where a written instrument offered in evidence as tending to establish a material fact is not in the record on appeal, its exclusion will not be considered, since the appellate court cannot say that the evidence tended to prove such material fact.

2. SAME—EXCLUSION OF EVIDENCE—MATERIALITY AFTERWARDS SHOWN.
    Where questions apparently immaterial are excluded, and their materiality is afterwards shown, but no attempt to interrogate the witness thereto is afterwards made, though he is re-examined, the exclusion of such evidence is not error.

3. FRAUD—ACTION OF FRAUD—JURISDICTION OF MUNICIPAL COURT.
    Code Civ. Proc. § 2862, subd. 2, gives justices' courts jurisdiction of actions to recover damages not exceeding $200 for personal injuries. Section 3215 confers the same jurisdiction as provided by section 2862, subd. 2, on district courts of New York City. Greater New York Charter, § 1364, subd. 14, confers the jurisdiction of the district courts, except as otherwise specified, on the municipal court. *Held*, that the municipal court of the city of New York has jurisdiction of actions for deceit.

Appeal from municipal court of city of New York, Second district.

Action for deceit by Michael Agresta and others against Max Hart. From a judgment of the New York municipal court in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Josepf Rosenweig, for appellant.

Antonio C. Astarita, for respondents.

BISCHOFF, P. J. With a fair conflict of evidence, the record supports the finding of the justice that the plaintiffs' payment to the defendant of the sum in suit was induced by the deliberate misrepresentation of a material fact, justly relied upon by the plaintiffs, and that there had been no repayment. The money sued for was paid by the plaintiffs to the defendant as security for performance, and to be applied upon the last two months' rent of a lease for five years, which the defendant, asserting himself to be the owner of the premises affected, promised to execute and deliver. It is admitted that he was not the owner, and it appears that he never delivered a lease. Error is assigned to the exclusion of a certain paper referred to as a lease to the defendant from the owner of the premises, but, since the appellant has not caused this paper to be annexed to the return, we are unable to say that the evidence, if admitted, would have served to show his ability to make good his representation of ownership for the purposes of the lease promised to the plaintiffs. Again, it is claimed that the paper which the defendant gave to the plaintiffs as a receipt would suffice to protect them in their possession as against the present owner of the fee, who took title "subject to existing tenancies," and after the plaintiffs had gone into possession under the defendant's promise. Assuming, however, that the defendant had the right in some way to give them possession, there is certainly nothing to show that he could have given them a lease for five years, and the paper which evidenced the payment of the defendant of the last two months' rent of the promised term was wholly deficient of the formalities required to make it evidence of an existing tenancy to endure for five years. as against subsequent grantee of the fee.

We find no error in the exclusion of questions asked the plaintiff Pace on the cross-examination touching the manner in which he made payment of certain rent to the defendant for the first two months of the plaintiffs' occupation of the premises. These questions appeared to have no materiality at the time, and their purpose was not disclosed by counsel, but it subsequently developed that the defendant claimed to have made allowance for the deposit in question when giving receipts to the plaintiffs for the rent as it accrued, and disputed the plaintiffs' assertion that they had regularly paid this rent. The witness Pace was recalled after this issue became defined, and it is not to be doubted that the justice would then have allowed the questions if they were asked; but counsel made no attempt to pursue the inquiry.

There is no force in the objection to the jurisdiction of the court. Prior to the charter, the district courts had jurisdiction of an action for deceit (Code, §§ 3215, 2862, subd. 2; Id. § 3343, subd. 10), and the municipal court has like jurisdiction (Charter, § 1364, subd. 14).

Judgment affirmed, with costs. All concur.